# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| STEPHEN D. BUCKSTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RETRIEVAL-MASTERS CREDITORS BUREAU, | ) |
| INC. d/b/a AMERICAN MEDICAL | ) |
| COLLECTION AGENCY | ) |
| | ) |
| Defendant. | )  Jury Demanded |

## COMPLAINT

Plaintiff, Stephen D. Bucksten, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for the Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) parts of the acts and transactions occurred here, b) Defendant transacts substantial business in this District; and c) Defendant maintains a registered agent here.

## STANDING

3.      Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4.      Specifically, as outlined in more detail below, Plaintiff suffered a concrete injury as a result of Defendant's collection attempts which deceptively implied the Plaintiff would not have a later opportunity to dispute the alleged debt and which used false, misleading, and unconscionable means in an attempt to collect a debt.

5.      Plaintiffs have a congressionally defined right to receive all communications from a debt collector free from any false statements. *E.g., Genova v. IC Systems, Inc*., No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

6.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

7.      Plaintiff, Stephen D. Bucksten ("Plaintiff'), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for an alleged medical debt to Quest Diagnostics Incorporated (hereinafter "Quest"). Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

8.      Defendant, Retrieval-Masters Creditors Bureau, Inc., d/b/a American Medical Collection Agency, (hereinafter "Defendant" or "AMCA") is a foreign domestic corporation with its principal place of business at 4 Westchester Plaza, Suite 110, Elmsford, NY 10523. Its

registered agent is CT Corporation System, who can be found at 208 So LaSalle St., Suite 814, Chicago, IL 60604. It is currently in good standing with the Illinois Secretary of State. (Exhibit A, Record from Illinois Secretary of State).

9.  AMCA is engaged in the business of the collection of debt within the State of Illinois, using the mail system in business and telephone to collect consumer debts originally owed to others.

10.  AMCA regularly collects or attempts to collect defaulted consumer debts and is thus, a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

11.  Upon information and belief, Defendant was hired by Quest to collect the Debt from Plaintiff.

12.  At all relevant times hereto, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.  Plaintiff incurred a debt for personal, family, or household purposes and not for business purposes, originally to Quest Diagnostic ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

14.  Defendant has alleged that the account later went into default for non-payment.

15.  AMCA was later retained or hired by Quest to attempt to collect the alleged debt from Plaintiff.

16.  On or about May 15, 2017, AMCA mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

17.     The Letter conveyed various pieces of information regarding the account directly to Plaintiff, including the amount allegedly owed, the identity of the original creditor and a demand for payment.

18.     The Letter stated, in pertinent part:

**Your account is SERIOUSLY DELINQUENT and we must advise you as follows:**

**This agency seeks collection of this long overdue bill for services provided by our client, Quest Diagnostics Incorporated.**

**. . .**

**Your lack of response suggests you assume responsibility for this debt.**

19.     15 U.S.C. § 1692g(c) of the FDCPA provides in relevant part as follows:

**(c) Admission of liability**

**The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

20.     By stating "[y]our lack of response suggests you assume responsibility for this debt" Defendant's Collection Letter falsely implies that the Plaintiff's failure to respond to previous collection attempts would bar Plaintiff from being able to later legally dispute the validity of the debt either via Section 1692g of the FDCPA generally, in open court, or otherwise.

21.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

22.     Defendant AMCA made false and misleading representations regarding the alleged debt when it claimed Plaintiff's "lack of response" meant that he had "assumed" responsibility for the debt, thus, implying that his lack of response could be construed as an admission of liability, in violation of §1692g(c), §1692e, and§1692e (10).

23.     Specifically, §1692g(c) states that "The failure of a consumer to dispute the validity of a debt under this section <u>may not</u> be construed by any court as an admission of liability by the consumer." (emphasis added). *Id*.

24.     Defendant's wording is deceptive and confounds the consumers rights, since Defendant's false statement would lead the unsophisticated consumer to believe that his failure to previously dispute the alleged debt meant that the debt would be considered legally valid and would deprive consumers of legal defenses if the creditor were to file suit prohibiting them from disputing the debt in the future.

25.     This false statement would mislead consumers into misunderstanding statutory rights that they have a legal right to be informed of in a clear and understandable manner under §1692g.

26.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

27.     AMCA violated 15 U.S.C. § 1692f by attempting to collect the alleged debt from Plaintiff using deceptive language that would tend to confound and confuse the unsophisticated

consumer, specifically, by implying a "lack of response" could be construed as an admission of liability in violation of §1692g(c).

28.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

29.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

30.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

31.     Defendant made false and misleading representations regarding the alleged debt when it implied that Plaintiff no longer had a legal right to dispute the alleged debt, in violation of §1692g(c), §1692e and §1692e (10).

32.     Defendant made false and misleading representations regarding the alleged debt when it stated that the consumer's "lack of response" represented an assumption of liability, otherwise making the alleged debt legally valid, in violation of §1692g(c) and §1692e, §1692e (10).

33.     Defendant violated 15 U.S.C. § 1692f by attempting to collect the alleged debt from Plaintiff using deceptive language that would tend to confound and confuse the unsophisticated consumer, specifically, by implying a "lack of response" could be construed as an admission of liability in violation of §1692g(c).

34.     Defendant's violations of the FDCPA render it liable for damages, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

    A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

By: ___ s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

Robert J. Tomei Jr.
TOMEI LAW, P.C.
223 N IL. Rt. 21, Ste. 14
Gurnee, IL 60031
Ph: (847) 596-7494
Fx: (847) 589-2263
Robert@TomeiLawFirm.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: ___ s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By:     s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys