UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN D. BUCKSTEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-cv-7625 |
| | ) | |
| v. | ) | |
| | ) | Hon. John Z. Lee |
| RETRIEVAL-MASTERS CREDITORS BUREAU, | ) | |
| INC. d/b/a AMERICAN MEDICAL | ) | Magistrate Judge Susan E. Cox |
| COLLECTION AGENCY | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

NOW COMES the Plaintiff, Stephen D. Bucksten, by and through his attorneys, TOMEI LAW, P.C. and SMITHMARCO, P.C., and for his Motion for Leave to file his Second Amended Complaint, Plaintiff states as follows:

1. Plaintiff filed his original pleading in this matter on October 20, 2017.

2. Plaintiff's Complaint alleged that Defendant, Retrieval-Masters Creditors Bureau, Inc., d/b/a American Medical Collection Agency, (hereinafter "Defendant" or "AMCA"), violated the Fair Debt Collection Practices Act.

3. On or about January 9, 2018, Plaintiff filed his Motion for Leave to file his First Amended Complaint stating that there were sufficient grounds to justify the filing of a putative class action. The court granted Plaintiff's motion without hearing on the same day, January 10, 2018.

4. Since the date of filing his Amended Complaint, Plaintiff has ascertained that in order to prosecute his claim as a putative class action in this matter, he must more succinctly

define the class size to that of one particular original creditor, which may still affect potentially hundreds, or thousands, of individuals.

5. Plaintiff now moves this Honorable Court for leave to file an amended pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure.

6. The allegations included in Plaintiff's proposed amended complaint: (i) clarify factual circumstances previously pleaded, (ii) expound upon legal theories previously delineated, (iii) assert claims that arise from the same set of operative facts as those previously set forth and (iv) set forth more specific class allegations outlining Plaintiff's proposed class.

7. The aforesaid allegations included in Plaintiff's proposed second amended complaint serve to ensure that Plaintiff's rights, as well as those rights of other potential class members, are fully adjudicated on the merits.

8. Rule 15 provides that leave to amend a complaint "shall be freely given when justice so requires." *Fed. R. Civ. P.* 15(a)(2).

9. The function of Rule 15(a) of the Federal Rules of Civil Procedure is to enable a party to assert matters that were unknown or overlooked at the time the original complaint was interposed. *Trustees of Graphic Communication Int'l Union Local 229 Health & Welfare Fund v. Rapid Copy, Inc.*, 620 F. Supp. 202, 207 (D. Minn. 1985).

10. The Supreme Court has recognized that the spirit of the Federal Rules of Civil Procedure is to have controversies decided on their merits and has favored amendments for the purpose of presenting the real issues of a case where the moving party has acted in good faith and the opposing party will not be unduly prejudiced. *Forman v. Davis*, 371 U.S. 178, 182 (1962). In *Forman*, the Supreme Court noted that "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Id.*

11. This motion is not being brought in bad faith, for the purposes of harassment or to unnecessarily delay these proceedings.

12. To date, Defendant has not yet filed a responsive pleading to Plaintiff's First Amended Complaint. Additionally, no formal discovery has taken place in this matter and no deadlines or other dates will be impacted by this Court granting Plaintiffs' motion for leave to file an amended pleading. Moreover, Defendant will not be unduly prejudiced by this Court granting Plaintiff's motion.

13. Plaintiff seeks to amend his complaint to include more specific Class Allegations against the Defendant, including a revised prayer for relief requesting that the court certify the proposed Class.

14. Plaintiff brings this motion expeditiously upon learning that class certification may be appropriate in this matter.

15. Plaintiff and all proposed Class Members shall be greatly prejudiced if not permitted to amend his complaint as aforesaid.

16. A true and exact copy of Plaintiff's proposed amended complaint is attached hereto as **Exhibit A**.

WHEREFORE, Plaintiff, Stephen D. Bucksten, respectfully requests that this Honorable Court enter an order granting Plaintiff leave to file his Second Amended Complaint as delineated above.

Respectfully Submitted,
STEPHEN D. BUCKSTEN

By: ⎯s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

Robert J. Tomei Jr.
TOMEI LAW, P.C.
223 N IL. Rt. 21, Ste. 14

Gurnee, IL 60031
Ph: (847) 596-7494
Fx: (847) 589-2263
E: Robert@TomeiLawFirm.com

## CERTIFICATE OF SERVICE

I, Robert J. Tomei Jr., an attorney, hereby certify that on February 20, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Respectfully Submitted,
STEPHEN D. BUCKSTEN

By: /s/ *Robert J. Tomei Jr.*
One of Plaintiff's Attorneys

Robert J. Tomei Jr.
TOMEI LAW, P.C.
223 N IL. Rt. 21, Ste. 14
Gurnee, IL 60031
Ph: (847) 596-7494
Fx: (847) 589-2263
E: Robert@TomeiLawFirm.com